UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNIVERSAL LIFE CHURCH OF SNOHOMISH COUNTY, a nonprofit corporation; DONALD WINDER, and ELIZABETH JOHNSTON, individually and as officers of Universal Life Church,<br><br>Plaintiffs,<br><br>v.<br><br>GMAC MORTGAGE CORPORATION; JP MORGAN CHASE BANK CORPORATION; and SELECT PORTFOLIO SERVICING, INC., f/k/a FAIRBANKS CAPITAL CORPORATION;<br><br>Defendants. | CASE NO. C06-651RSM<br><br>ORDER ON MOTION FOR RECONSIDERATION |

This matter is before the Court for consideration of plaintiffs' motion for reconsideration of the Order granting summary judgment to defendant Select Portfolio Servicing, Inc. ("SPS"). Dkt. # 53. Such motions are disfavored and will be denied in the absence of "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier. . . ." Local Rule CR 7(h)(1). The Court deems it unnecessary to direct a response to this motion, and for the reasons set forth below, shall deny the motion.

ORDER ON MOTION FOR
RECONSIDERATION - 1

First, plaintiffs' ten-page motion exceeds the allowable page limit for a motion for reconsideration.  Local Rule CR 7(e)(1).  Second, although plaintiffs assert the discovery of new facts in the form of information about how a particular check was handled, they have failed to demonstrate how that fact is relevant to the issues that were before the Court or how it would lead to a modification of the Court's ruling.   Plaintiffs assert that they have discovered that SPS cashed plaintiffs' November 2003 mortgage check, and then sent a replacement check to Gina Bakeng, instead of sending plaintiffs' payment check itself to Ms. Bakeng as alleged previously (which allegation the Court adopted in the challenged Order).   This change in the facts surrounding the handling of that check is irrelevant to the Court's determination on plaintiffs' negligence claim against SPS, which was based in part upon the Court's finding that no duty was owed by SPS to plaintiffs.

Plaintiffs also challenge the court's determination that their negligence claims against SPS are foreclosed by the Washington Deed of Trust Act, RCW 61.24.  Plaintiffs' assert that the Court overlooked their argument that they could not meet the requirements of the Washington Deed of Trust Act due to defendant's "misfeasance and nonfeasance" in handling the check.  Motion for Reconsideration, p. 4.  However, this argument was considered and rejected in the Court's ruing.  Order on Motion for Summary Judgment, p. 6. Plaintiffs' motion thus amounts to impermissible re-argument of matters already considered and decided.

Accordingly, plaintiffs' motion for reconsideration is DENIED.

DATED this 23rd day of May 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION FOR RECONSIDERATION - 2